IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



ADRIAN R. SCOTT
*Plaintiff*

v.

WILLIAM E. LORI *et al.*,
*Defendants.*

Civil Action No. ELH-19-2014

**MEMORANDUM**

On July 15, 2019, the self-represented plaintiff, Adrian Scott, filed an employment discrimination suit against defendants Associated Catholic Charities, Inc. ("Catholic Charities"); the Archdiocese of Baltimore ("Archdiocese"); "Our Daily Bread Employer Center Fund, Inc."[1] ("Daily Bread"); and five individuals: Archbishop William E. Lori, Penny Lewis, Patricia Bennett, Mary Ann McCloskey, and Melissa Hafner. *See* ECF 1 (the "Complaint"); ECF 1-4 ("Scott Affidavit"). Summons were executed on September 5, 2019, as to Archbishop Lori, the Archdiocese, Catholic Charities, Daily Bread, and Ms. McCloskey. ECF 8. To date, however, the docket does not indicate that plaintiff has served Ms. Lewis, Ms. Bennett, or Ms. Hafner.

On October 4, 2019, Archbishop Lori, Catholic Charities, the Archdiocese, Daily Bread, and Ms. McCloskey jointly moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint or, in the alternative, for plaintiff to submit a more definite statement under Rule 12(e). ECF 15. Plaintiff requested an extension of time on October 25, 2019, to respond to that motion. ECF 19. In the request, plaintiff explained that he needed an additional 30 days to respond because drafting the response was causing him to "suffer[] relapses of panic and anxiety attack[s]" and to experience

---

[1] In their motion to dismiss, defendants aver that "there is no legal entity named Our Daily Bread Employment Center," and that "Our Daily Bread Employment Center Fund, Inc. is a corporate entity that was formed in order to solicit donations for Our Daily Bread, which is a program operated by the Associated Catholic Charities, Inc." ECF 15 at 2 n.1.

"depression and elevated stress." *Id.* The same day, the Court granted plaintiff's motion, extending until November 25, 2019, the deadline for plaintiff's opposition. ECF 20.

Plaintiff filed a "More Definite Statement" on November 20, 2019 (ECF 21), along with eight exhibits. ECF 21-1 to ECF 21-8. In response, on December 4, 2019, defendants filed a "Motion for Clarification of Scheduling." ECF 22. They stated: "Defendants intend to address Plaintiff's filing as his Amended Complaint instead of a response to Defendant's original motion." *Id.* And, defendants requested until December 20, 2019, to respond to plaintiff's submission. *Id.*

By Order of December 4, 2019, the Court denied, as moot, defendants' motion to dismiss. ECF 23. The Court also extended to December 20, 2019, defendants' deadline to respond to the submission, but gave plaintiff until December 16, 2019, to move to rescind the Order as improvidently granted. *Id.* Further, the Court indicated that, like defendants, it would construe the More Definite Statement as an amended complaint. *Id.* Thereafter, defendants moved on December 19, 2019, to dismiss plaintiff's suit under Rule 12(b)(6). ECF 24 (the "Motion").

On December 23, 2019, plaintiff submitted a "Response To Motion For Clarification Of Scheduling And Order," stating that he consented to the extension of time, but that he "d[id] not agree the 'More Definite Statement' should be treated as an amended complaint." ECF 27. Further, plaintiff suggested that defendants' counsel were "less than truthful in their statements to this court and in dealing with *Pro Se* Complainant." *Id.* According to plaintiff, defendants misled the Court in their motion for an extension of time (ECF 22) by construing plaintiff's "More Definite Statement" as an amended complaint when plaintiff had previously "advised the attorneys of his intent to prepare an amended complaint at a later date." ECF 27.

Plaintiff's response to the Motion was due on January 5, 2020. He did not respond by that date. On January 16, 2020, plaintiff sought an extension of time to respond to the Motion, averring that he was "bed ridden" and that there was "good cause to grant [his] request." ECF 27. By Order

of January 16, 2020, the Court gave plaintiff until February 10, 2020, to file a response to the Motion. ECF 29. He did not respond by that date.

On February 14, 2020, plaintiff filed a "Motion To Stay Time For Response To Motion To Dismiss Pending Receipt And Response Of FCP Rule 11 Motion For Sanctions." ECF 30. Plaintiff asserts that defendants' counsel violated Fed. R. Civ. P. 11(b). *Id.* at 1. And, he urges the Court to stay the case "until such time" as defendants answer a motion for sanctions that he said he would file by February 17, 2020. *See id.* at 1-2.

Upon receipt of a complaint, a defendant has several options. He may file an answer admitting and denying allegations alleged in the complaint. Fed. R. Civ. P. 12(a)(1)(A). Alternatively, a defendant can assert one of the defenses delineated in Fed. R. Civ. P. 12(b). Or, a defendant can "move for a more definite statement of a pleading" when it "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A defendant may also combine these motions in one filing. *See* Fed. R. Civ. P. 12(g).

Here, defendants did just that, moving to dismiss under Rule 12(b)(6) or, in the alternative, for a more definite statement under Rule 12(e). Consequently, plaintiff had 17 days to file an opposition to the motion. *See* Local Rule 105.2(a) (providing 14 days to file an opposition to a motion); *see also* Fed. R. Civ. P. 6(e) (granting an additional 3 days if service is by mail). Plaintiff sought an extension of time to respond, which the Court granted, and he subsequently filed what he titled a "More Definite Statement."

To be sure, courts have treated a submission filed in response to a Rule 12(e) motion as supplementing rather than supplanting the original complaint. *See e.g., Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973) (treating more definite statement as "limited expansion of a complaint"). However, plaintiff's "More Definite Statement" is styled as a complaint. Containing over 122 paragraphs, the filing sets forth detailed factual allegations,

incorporates by reference plaintiff's initial Complaint, and asserts claims for relief under various federal statutes. Therefore, the "More Definite Statement" was understandably construed by defendants and the Court as an amended complaint. *See Middlebrooks v. Univ. of Md.*, 166 F.3d 1209 (4th Cir. 1999) (per curiam) (filing of amended complaint superseded original complaint as supplemented by more definite statement); *see also Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (holding that the filing of an amended complaint renders an initial complaint of no legal effect).

Now pending is defendants' Motion, which asserts that plaintiff has failed to state claims upon which relief can be granted. Plaintiff must oppose the Motion or risk dismissal of his suit. *See, e.g., Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."). Plaintiff's allegedly forthcoming motion for sanctions under Fed. R. Civ. P. 11 has no bearing on the merits of the Motion. Therefore, I shall deny plaintiff's motion to stay this case.

Mindful that plaintiff is self-represented, the Court has, on multiple occasions, afforded him additional time to respond to defendants' dispositive motions. The Court will once again extend the deadline for plaintiff to respond to the Motion; plaintiff must respond by March 2, 2020. But, the Court reminds plaintiff that he initiated this lawsuit, and he is responsible for prosecuting his case. *Cf.* Local Rule 101.8. Further, because plaintiff has already been granted several extensions of time, the Court is unlikely to entertain future postponement requests with respect to defendants' Motion.

An Order follows.

Date: February 19, 2020      /s/
                             Ellen L. Hollander
                             United States District Judge