IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADRIAN R. SCOTT
   *Plaintiff*

v.

WILLIAM E. LORI *et al.*,
   *Defendants.*

Civil Action No. ELH-19-2014

**MEMORANDUM**

On February 20, 2020, Adrian Scott, the self-represented plaintiff, filed a "Motion To Compel Engagement In Rule 11 Sanctions Discussion And Resolution" against "Defendants and Legal Counsel." ECF 33 (the "Motion"). The Motion is supported by five exhibits. ECF 33-1 to ECF 33-5.

In the Motion, plaintiff asserts: "Defendants and Legal Counsel has harassed Plaintiff, delayed the timely advancement of this case to the next stage, And Willfully misrepresented facts to The District Court through frivolous Motions designed to Force Plaintiff to 'Prove' each element of his claims at the pleading stage.[]" *Id.* at 1. Specifically, plaintiff avers that defendants represented to the Court that they had sought plaintiff's consent for an extension of time when, in fact, plaintiff was never contacted. *Id.* at 3. Further, plaintiff contends that defendants falsely certified that their motion to dismiss was served on plaintiff on October 4, 2019, when, in fact, plaintiff did not receive the motion until three days later. *Id.* at 4.[1] And, according to plaintiff, defendants' motions to dismiss (ECF 15; ECF 24) misconstrue material facts, *see id.* at 4-5, and "falsely assert[] . . . that Plaintiff does not plead sufficient facts." *Id.* at 5. Thus, plaintiff requests

---

[1] Plaintiff also contends that the Court granted defendants' initial motion to dismiss (ECF 15) without plaintiff's knowledge. ECF 33 at 4. He is wrong. To be clear, by Order docketed December 4, 2019 (ECF 23), the Court denied ECF 15 as moot, in light of plaintiff's filing of a submission titled "More Definite Statement." ECF 21. Because the Court construed ECF 21 as an Amended Complaint, and ECF 15 was directed to the original Complaint, ECF 15 became moot.

that the Court "COMPEL Defendants' [sic] and Plaintiff to engage in Good Faith discussions to address, minimize and if possible eliminate the need for a F.R.C.P. Rule 11 Motion being filed before the Court." *Id.* at 6. Further, he asks the Court to stay proceedings in the interim, which would delay the date by which he is to respond to the motion to dismiss. *Id.*

I declined to stay the proceedings, for the reasons previously set forth in the Court's Order of February 20, 2020. ECF 32. Nor do I find that Rule 11 sanctions are appropriate at this juncture.

Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney or self-represented party presenting any document to the Court must certify that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

A legal argument violates Rule 11 when, "'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)). And, factual allegations "fail to satisfy Rule 11(b)(3) when they are 'unsupported by any information obtained prior to filing.'" *Morris*, 448 F.3d at 277 (quoting *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)).

Rule 11(c)(2) permits a court to impose sanctions for violations of Rule 11. Such sanctions may include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

The "primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012). Thus, "an isolated, inadvertent error does not justify Rule 11 sanctions." *In re Bees*, 562 F.3d 284, 288 (4th Cir. 2009). The decision to issue Rule 11 sanctions is within the court's discretion, *DeBauche v. Trani*, 191 F.3d 499, 512 (4th Cir. 1999), and sanctions should be imposed "sparingly." *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 n.10 (D. Md. 2009).

I also pause to note that Local Rule 105.8(b) states: "Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11 . . . . The Court shall not grant any motion without requesting a response."

In my view, there is no indication that defendants acted in bad faith, acted to protract these proceedings, or asserted frivolous arguments. Plaintiff's allegations concerning defendants' motion for extension of time and the timeliness of service did not delay the litigation or prejudice plaintiff. Nor do plaintiff's arguments concerning the merits of defendants' motion to dismiss rise to the level of sanctionable conduct. At this stage in the litigation, defendants are entitled to assert legal defenses to plaintiff's Complaint, including challenging the adequacy of his pleadings. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's contentions ultimately boil down to perceived slights, miscommunications, and zealous advocacy, none of which triggers Rule 11.

Because a motion for sanctions demands the Court's immediate attention and consumes limited resources, such a motion is appropriate only in instances of egregious misconduct. *See* Fed. R. Civ. P. 11 advisory committee notes (1993) (advising that "Rule 11 motions should not be made or threatened for minor, inconsequential violations" of Rule 11(b)); Local Rule 105.8(a) ("The Court expects that motions for sanctions will not be filed as a matter of course."). Indeed, the filing of a frivolous motion for sanctions is itself sanctionable conduct. *See* Local Rule 105.8(a) ("The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions."); *see also Sokos v. Hilton Hotels Corp.*, 283 F. Supp. 2d 42, 54-56 (D.D.C. 2003) (imposing sanctions on a party for bringing a frivolous motion for sanctions). And, although self-represented litigants are held to less stringent standards than attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1971), they are not exempt from Rule 11's strictures. *Hill v. SJC LLC*, 1:16-cv-00193, GLB-TCB, 2017 WL 4476831, at *1 (E.D. Va. July 28, 2017) (detailing Rule 11's application to pro se filings). Thus, a pro se plaintiff who improperly files motions for sanctions may himself draw the Court's ire.

In sum, because there is no basis for the imposition of sanctions, plaintiff's Motion (ECF 33) shall be denied.

An Order follows.

Date: February 24, 2020 	/s/
	Ellen L. Hollander
	United States District Judge