IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ADRIAN R. SCOTT<br>*Plaintiff*<br><br>v.<br><br>WILLIAM E. LORI *et al.*,<br>*Defendants* | Civil Action No. ELH-19-2014 |

**MEMORANDUM**

Adrian Scott, the self-represented plaintiff, filed an employment discrimination suit on July 15, 2019, against defendants Associated Catholic Charities, Inc. ("Catholic Charities"); the Archdiocese of Baltimore ("Archdiocese"); "Our Daily Bread Employer Center Fund, Inc."[1] ("Daily Bread") and five individuals: Archbishop William E. Lori, Penny Lewis, Patricia Bennett, Mary Ann McCloskey, and Melissa Hafner. *See* ECF 1 (the "Complaint"); ECF 1-4 ("Scott Affidavit"). Plaintiff, an African American male, alleges that he experienced discrimination and retaliation on the basis of race, sex, age, and disability while employed by Catholic Charities from September 2013 to April 2016.

On July 22, 2019, the Court granted Mr. Scott leave to proceed in forma pauperis and directed him to provide the Clerk with copies of the Complaint, completed summons, and U.S. Marshal service forms. ECF 3. Plaintiff complied, and on August 22, 2019, U.S. Magistrate Judge J. Mark Coulson directed the U.S. Marshal to effectuate service of process on defendants by restricted delivery, certified mail. ECF 4.

---

[1] In defendants' motion to dismiss (ECF 15), they averred that "there is no legal entity named Our Daily Bread Employment Center." *Id.* at 2 n.1. They claimed that "Our Daily Bread Employment Center Fund, Inc. is a corporate entity that was formed in order to solicit donations for Our Daily Bread, which is a program operated by the Associated Catholic Charities, Inc." *Id.*

1

Summons were executed on September 5, 2019, as to Archbishop Lori, the Archdiocese, Catholic Charities, Daily Bread, and Ms. McCloskey. ECF 8. However, summons were returned unexecuted as to Ms. Lewis (ECF 10), Ms. Bennett (ECF 11), and Ms. Hafner (ECF 12).

On October 4, 2019, Archbishop Lori, Catholic Charities, Daily Bread, and Ms. McCloskey jointly moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint or, in the alternative, for plaintiff to submit a more definite statement under Rule 12(e). ECF 15.[2] In response, on November 20, 2019, plaintiff filed a "More Definite Statement" (ECF 21), which the Court construed as an Amended Complaint. ECF 23; ECF 31.

In the Amended Complaint (ECF 21), Mr. Scott asserted claims under Maryland law as well as a host of federal statutes, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*; 42 U.S.C. §§ 1981 and 1983; the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

Thereafter, on December 19, 2019, several of the defendants again moved to dismiss plaintiff's suit under Rule 12(b)(6). ECF 24 (the "Motion to Dismiss"). In a Memorandum Opinion (ECF 38) and Order (ECF 39) of July 8, 2020, I granted the Motion to Dismiss in part and denied it in part. As is relevant here, I dismissed plaintiff's FLSA, FMLA, and § 1983 claims, with prejudice, because they were untimely. ECF 38 at 24-25. Further, I dismissed, without prejudice, plaintiff's claims arising under the ADEA, ADA, and Title VII to the extent that they

---

[2] Initially, the Archdiocese did not respond to the suit. However, without an explanation for its earlier failure to respond, the Archdiocese recently moved to dismiss. ECF 43.

were lodged against Catholic Charities and Daily Bread, because plaintiff had not plausibly alleged discrimination on the basis of age, disability, race, or sex. *See id.* at 26, 30, 33, 44. Because the Amended Complaint did not plausibly allege race discrimination, plaintiff's § 1981 claim was also subject to dismissal. *Id.* at 42. In addition, I dismissed plaintiff's ADEA, ADA, and Title VII claims lodged against Archbishop Lori and Ms. McCloskey, *with prejudice*, explaining that these statutes do not provide a cause of action to sue a supervisor in his or her individual capacity. *See id.* at 27, 30-31, 32.

However, I concluded that plaintiff stated a Title VII retaliation claim against Catholic Charities. *Id.* at 42. That was so, I explained, because Mr. Scott plausibly alleged that within days of filing a complaint with the Maryland Commission on Civil Rights, defendants placed him on a performance improvement plan, which then served as the basis for his termination. *Id.* at 41-42.

With respect to Ms. Bennett, Ms. Lewis, and Ms. Hafner, I observed that the docket did not indicate that plaintiff had effected service of process on these defendants in a timely manner, as required by Fed. R. Civ. P. 4(m). ECF 38 at 45. Therefore, pursuant to Local Rule 103.8, I directed plaintiff to show cause by July 24, 2020, as to why the claims against these defendants should not be dismissed, without prejudice, for failure to effect service of process. ECF 39 at 2.

On July 24, 2020, plaintiff filed a "Response To Show Cause And Motion For Court Order For Alternate Service." ECF 47. On August 3, 2020, the Court received an identical copy of the motion, which I shall treat as the operative submission. ECF 48 (the "Motion"). The Motion is supported by five exhibits. ECF 48-1 to ECF 48-5.

According to plaintiff, he has "conducted reasonable research to secure . . . verifiable current addresses" for Ms. Bennett, Ms. Lewis, and Ms. Hafner. ECF 48, ¶ 2. Mr. Scott avers that he emailed these defendants on July 21, 2019, asking them to verify their physical address, but

none responded. *Id.* ¶ 1; *see* ECF 48-1 (7/21/2019 email). Further, when the summons were returned unexecuted, plaintiff claims that he contacted defendants through Facebook and Linkedin. ECF 48, ¶ 5; *see* ECF 48-5 (Linkedin messages). However, according to plaintiff, Ms. Bennett and Ms. Lewis did not respond, and Ms. Hafner told him not to contact her again. *Id.* Plaintiff also accuses Ms. Bennett, Ms. Lewis, and Ms. Hafner of having "evaded" service of process, claiming that they refused to accept receipt of the summons and Complaint. *Id.* ¶ 4; *see id.* ¶ 5 (asserting that defendants have endeavored to "avoid service").

Accordingly, Mr. Scott requests that the Court permit him to serve defendants by "(1) posting a copy of the complaint and summons at the defendant's last known address; and (2) mailing a copy of the complaint and summons to the defendants via first-class to their last known addresses." *Id.* at 6.

No hearing is required to resolve the Motion. *See* Local Rule 105.2. For the reasons that follow, I shall deny ECF 47 as moot because it is duplicative of ECF 48. And, I shall deny ECF 48.

Under Maryland Rule 3-121(a), service of process may be accomplished through one of three methods: (1) personal service upon the defendant; (2) service on an individual of suitable age who lives at the defendant's residence; or (3) service via restricted, certified mail. However, Maryland Rule 3-121(b) provides that where the plaintiff has offered "proof" that the "defendant has acted to evade service," then the court "may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant." In addition, a court may order service by "any other means of

4

service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c).

In *Lohman v. Lohman*, 331 Md. 113, 626 A.2d 384, (1993), the Maryland Court of Appeals acknowledged that evasion of service of process "'is not always easy to show.'" *Id.* 331 Md. at 132 n.9, 626 A.2d at 394 n.9 (citation omitted). However, the *Lohman* Court also opined that evading service "'requires proof of affirmative acts to evade service of process, and the inability to serve, without more, is insufficient.'" For instance, alternative service may be appropriate, the Court observed, where the defendant slammed the door on the process server or refused to accept the summons and complaint. *Id.*

Plaintiff has not established that Ms. Bennett, Ms. Lewis, or Ms. Hafner have taken affirmative steps to evade service. Rather, Mr. Scott complains that defendants have not aided his efforts to serve them by providing him with their current addresses. And, none of the exhibits that plaintiff appended to his Motion indicate that defendants have refused to accept the summons and complaint sent via restricted, certified mail. Therefore, the Court finds no reason to permit plaintiff to serve defendants through alternative methods of service.

Nevertheless, I will afford Mr. Scott an additional opportunity to effect service of process on Ms. Bennett, Ms. Lewis, and Ms. Hafner, pursuant to Rule 3-121(a). Accordingly, by August 28, 2020, plaintiff shall provide the service copies of the Amended Complaint (ECF 21), summons, and complete Marshal forms to the Clerk. Once the Clerk receives the necessary forms, the Clerk and the U.S. Marshal are directed to take all necessary steps to effectuate service of process on each defendant. The Court cautions that failure to comply may result in dismissal of Mr. Scott's claims against Ms. Lewis, Ms. Bennett, and Ms. Hafner, without prejudice.

Finally, I pause to note that in my Memorandum Opinion of July 8, 2020, I determined that the Amended Complaint stated a claim only for retaliation under Title VII. And, I explained that Title VII provides a cause of action against an employer; it does not allow a plaintiff to sue a supervisor or coworker. For that reason, I dismissed, with prejudice, Mr. Scott's Title VII claims as to those individual defendants who had been served.

An Order follows, consistent with this Memorandum.

Date: August 6, 2020                                         /s/
                                                     Ellen L. Hollander
                                                     United States District Judge